Ryan Lee (SBN: 024846)
Krohn & Moss, Ltd.
10474 Santa Monica Blvd., Suite 401
Los Angeles, CA 90025
Tel: 323-988-2400 x241
Fax: 866-583-3695
rlee@consumerlawcenter.com
Attorneys for Plaintiff,
LINDSEY TRUMBULL

**UNITED STATES DISTRICT COURT,**
**DISTRICT OF ARIZONA**

| | |
|---|---|
| LINDSEY TRUMBULL, <br><br> Plaintiff, <br><br> v. <br><br> GLOBAL AG, LLC, <br><br> Defendant. | Case No.: <br><br> **COMPLAINT AND DEMAND FOR JURY TRIAL** <br><br> **(Unlawful Debt Collection Practices)** |

## <u>PLAINTIFF'S COMPLAINT</u>

LINDSEY TRUMBULL (Plaintiff), through her attorneys, KROHN & MOSS, LTD., alleges the following against GLOBAL AG, LLC, (Defendant):

### INTRODUCTION

1. Count I of Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, *15 U.S.C. 1692 et seq.* (FDCPA).

### JURISDICTION AND VENUE

2. Jurisdiction of this court arises pursuant to *15 U.S.C. 1692k(d)*, which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."

3. Defendant conducts business in the state of Arizona, and therefore, personal jurisdiction is established.

4. Venue is proper pursuant to *28 U.S.C. 1391(b)(2)*.

5. Declaratory relief is available pursuant to *28 U.S.C. 2201 and 2202*.

**PARTIES**

6. Plaintiff is a natural person residing in Queen Creek, Maricopa County, Arizona.

7. Plaintiff is a consumer as that term is defined by *15 U.S.C. 1692a(3)*, and according to Defendant, Plaintiff allegedly owes a debt as that term is defined by *15 U.S.C. 1692a(5)*.

8. Defendant is a debt collector as that term is defined by *15 U.S.C. 1692a(6)*, and sought to collect a consumer debt from Plaintiff.

9. Defendant is a business with its headquarters located in Santa Ana, Orange County, California.

10. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

**FACTUAL ALLEGATIONS**

11. Defendant has been contacted Plaintiff seeking and demanding payment for an alleged debt.

12. Defendant called Plaintiff's mother and threatened to put lien on her house(See Exhibit A).

13. Defendant told Plaintiff's mother that it had a subpoena for breach of contract against Plaintiff (See Exhibit A).

14. Defendant threatened to take legal action against Plaintiff. To date, no lawsuit has been filed.

15. Defendant threatened to garnish Plaintiff's wages.

16. Defendant threatened to garnish Plaintiff's husband's wages.

17. Defendant threatened to file criminal charges against Plaintiff.

18. Plaintiff received call from a man who introduced himself as "Officer Stevenson" from Maricopa County, who said he was trying to serve a subpoena from Pinal County.

19. "Officer Stevenson" threatened to obtain a warrant to arrest Plaintiff for failure to appear in Court if she was not home to receive papers.

20. "Officer Stevenson" threatened to press charges for fraud against Plaintiff.

21. Plaintiff spoke to the Pinal County Sheriff's Office, which informed her that there was no Officer Stevenson working in that office.

22. Plaintiff called the Maricopa County Sheriff's Office, which informed Plaintiff that they had no record of Officer Stevenson and that they had no records of any attempts to serve documents to Plaintiff's address.

23. Plaintiff spoke to the Pinal County and Maricopa County Courts to check on the status of her legal case. The courts did not have any information concerning a lawsuit against Plaintiff.

24. Defendant failed to identify itself as a debt collector in the initial communication and in subsequence communications.

25. Defendant failed to provide meaningful disclosure of the caller's identity.

26. Defendant failed to identify itself as a debt collector in the initial communication and in subsequence communications.

## COUNT I
## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

27. Defendant violated the FDCPA based on the following:

    a. Defendant violated *§1692c(b)* of the FDCPA by communicating with Plaintiff's mother in connection with the collection of a debt.

    b. Defendant violated *§1692d* of the FDCPA by engaging in conduct the natural consequence of this is to harass, abuse, and oppress the Plaintiff.

    c. Defendant violated *§1692d(6)* of the FDCPA by failing the provide meaningful disclosure of the caller's identity because Defendant representative pretends to be "Office Stevenson" from the Pinal County Sheriff's office.

    d. Defendant violated *§1692e* of the FDCPA by making false, deceptive, and misleading representations in connection with the debt collection.

    e. Defendant violated *§1692e(1)* of the FDCPA by falsely representing that Defendant's representative is affiliated with the Maricopa County Sheriff's Office.

    f. Defendant violated *§1692e(2)(A)* of the FDCPA by falsely representing the legal status of the alleged debt by claiming that a subpoena had been issued by the Court.

    g. Defendant violated *§1692e(4)* of the FDCPA by threatening to garnish Plaintiff's wages and Plaintiff's husband's wages.

    h. Defendant violated *§1692e(4)* of the FDCPA by threatening to issue a warrant to arrest Plaintiff.

    i. Defendant violated *§1692e(5)* of the FDCPA by threatening to take legal action against Plaintiff even though Defendant did not intend to take such action.

    j. Defendant violated *§1692e(7)* of the FDCPA by falsely representing that Plaintiff had committed a crime.

    k. Defendant violated *§1692e(10)* of the FDCPA by using deceptive means in an attempt to collect a debt by threatening to file a lawsuit against Plaintiff when Defendant did not intend to do so.

    l. Defendant violated *§1692e(10)* of the FDCPA by using deceptive means in an attempt to collect a debt by threatening to file criminal charges against Defendant.

    m. Defendant violated *§1692e(10)* of the FDCPA by using deceptive means in an

      attempt to collect a debt by threatening to garnish Plaintiff's wages and Plaintiff's husband's wages.

  n. Defendant violated *§1692e(10)* of the FDCPA by using deceptive means in an attempt to collect a debt by threatening to put a lien on Plaintiff's parents' house.

  o. Defendant violated *§1692e(10)* of the FDCPA by using deceptive means in an attempt to collect a debt by threatening to issued a Warrant for Plaintiff's arrest if she failed to appear in Court.

  p. Defendant violated *§1692e(10)* of the FDCPA by informing Plaintiff that the company attempting to serve legal documents on Plaintiff was going to press charges for fraud.

  q. Defendant violated *§1692e(10)* of the FDCPA by having a representative call Plaintiff and pretend to be "Officer Stevenson" from the Pinal County Sheriff's Office.

  r. Defendant violated *§1692e(11)* of the FDCPA by failing to disclose in the initial communication that the communication was from a debt collector and anything said would be used for that purpose. Defendant further failed to state in subsequent communications that the communication was from a debt collector.

WHEREFORE, Plaintiff, LINDSEY TRUMBULL, respectfully requests judgment be entered against Defendant, GLOBAL AG, LLC, for the following:

28. Declaratory judgment that Defendant's conduct violated the Fair Debt Collection Practices Act,

29. Statutory damages of $1000.00 pursuant to the Fair Debt Collection Practices Act, *15 U.S.C. 1692k*,

30. Actual damages,

PLAINTIFF'S COMPLAINT

31. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, *15 U.S.C. 1692k*

32. Any other relief that this Honorable Court deems appropriate.

## **DEMAND FOR JURY TRIAL**

Plaintiff, LINDSEY TRUMBULL, demands a jury trial in this cause of action.

                                  RESPECTFULLY SUBMITTED,

DATED: November 20, 2009      KROHN & MOSS, LTD.

By: _____

   Ryan Lee
   Attorney for Plaintiff

## VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF ARIZONA

Plaintiff, LINDSEY TRUMBULL, states as follows:

1. I am the Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this Complaint in good faith and solely for the purposes set forth in it.
6. Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.
7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

Pursuant to 28 U.S.C. § 1746(2), I, LINDSEY TRUMBULL, hereby declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct.

DATE: 11-18-2009

LINDSEY TRUMBULL

1
2
3
4
5
6
7
8
9
10
11
12
13
14    **EXHIBIT A**
15
16
17
18
19
20
21
22
23
24
25

PLAINTIFF'S COMPLAINT

**From:** Cinda Kefalas
**Sent:** Thursday, November 19, 2009 1:20 PM
**To:** 'Lindsey Trumbull'
**Subject:** RE: Trumbull, Lindsey v. Global AG, LLC

I was contacted by a young lady ( I think her name was Holly, but not sure) who said she was a representative of Global AG & she was looking for Lindsey Shattuck. I told her Lindsey has not lived here for 11 years & asked what the call pertained to. She said it is about Lindsey & the property at 4811 SE Wanda  Court, Milwaukie, Oregon, and that Lindsey was going to be subpoenaed for a civil suit & breach of contract. I asked her why she was calling here & she said that in a search, this property came up as one where Lindsey had lived. Then she asked me if I had ever cosigned on anything with Lindsey or held a joint bank account. I told her no & that we didn't want to be involved in any way, & to take our phone number & address off of anything that pertained to this. She told me she couldn't do that, but the company would do a search & if they found this to be true we wouldn't have to be involved. I told her once again that Lindsey hasn't been here for 11 years & that she is an adult handling her own affairs & finances and that they were not to involve us or our property in any way.
    Cinda Kefalas